## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **DOROTHY J. KENNELLY,** | : | **Bankruptcy No. 08-70348 BM** |
| | : | |
| | : | |
| **Debtor** | : | **Chapter 7** |
| **JAMES R. WALSH, ESQ., TRUSTEE** | : | |
| **FOR THE BANKRUPTCY ESTATE OF** | : | |
| **DOROTHY J. KENNELLY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **Adversary No. 08-7032 BM** |
| **v.** | : | |
| | : | **Trustee's Complaint To Avoid** |
| **MICHAEL BRIAN KENNELLY,** | : | **Fraudulent Transfer Of Interest** |
| | : | **In Real Estate Pursuant To 11** |
| **Defendant** | : | **U.S.C. § 548** |

Appearances:  Roger P. Poorman, Esq. for Plaintiff Trustee
              David J. Hopkins, Esq. for Defendant

### MEMORANDUM OPINION

The chapter 7 trustee seeks to avoid and recover for the benefit of creditors of the

bankruptcy estate what he claims was a constructively fraudulent transfer by debtor of a

portion of her interest in real property to defendant.

Defendant concedes that all the other requirement for avoiding a fraudulent transfer

in accordance with § 548(a)(1)(B) of the Bankruptcy Code are present, but denies that

debtor received less than a reasonably equivalent value in return for the transfer.

Judgment in favor of the chapter 7 trustee and against defendant will be entered

for reasons set forth in this memorandum opinion.

## FACTS

On June 20, 2000, debtor conveyed real property of which she was the sole owner

and in which she resided to herself and to her daughter, Julie Brundridge, as joint tenants

with the right of survivorship.  Each had an undivided one-half interest in the property as

a result of the conveyance.

Defendant in this adversary action is debtor's son and the brother of Julie

Brundridge.

Debtor and her daughter executed a deed on January 3, 2007, whereby each

conveyed one-third of their respective one-half interests in the property to defendant.  The

net effect of the conveyance was that debtor, her daughter and defendant each had a one-

third interest in the property as joint tenants with right of survivorship.  The recited

consideration for the conveyance was $1.00.  The deed was duly recorded shortly

thereafter.

Debtor continues to the present time to reside in the property.  Neither debtor's

daughter nor defendant presently resides there.

On April 3, 2008, fifteen months to the day after the above transfer, debtor filed a

voluntary chapter 7 petition.  A chapter 7 trustee was appointed shortly thereafter

The schedules initially accompanying the petition listed assets with a total declared

value of $38,305.44 and liabilities totaling $47,596.00.

The primary asset listed on the schedules was debtor's interest in the above real

property. Debtor made mention of the conveyance, but erroneously indicated that she had

a one-half interest in the property and that the value of her interest without deducting any exemption claimed in the property was $29,800.00. This implied that the property had a total value of $59,600.00.

All liabilities identified on the schedules were undisputed general unsecured claims and, with one exception, were for credit card purchases.

Debtor claimed an exemption in the amount of $14,900 in her purported one-half interest in the property. The exemption was based on § 522(d)(1) of the Bankruptcy Code, the so-called homestead exemption.

The chapter 7 trustee filed a precautionary objection to the above exemption in the amount of $14,900.00 debtor had claimed in her residence. The basis for the objection was that debtor did not have a one-half interest in the property, but instead had a one-third interest. The chapter 7 trustee's objection to debtor's original claimed homestead exemption was sustained after a hearing on June 27, 2008.

In response to the chapter 7 trustee's objection, debtor amended the bankruptcy schedules. She identified herself as having a one-third interest in the property rather than a one-half interest and declared that her interest had a value of $9,933.33. She also reduced her homestead exemption to this amount.

The chapter 7 trustee commenced this adversary action against defendant. He asserts in the complaint that the transfer was constructively fraudulent transfer within the meaning of § 548(a)(1)(B) and seeks to avoid and recover the property for the benefit of debtor's creditors.

Debtor received a discharge of her pre-petition debts on July 2, 2008.

The adversary action against defendant has been tried and is now ready for decision.

## DISCUSSION

Subject-matter jurisdiction of this adversary action is based on § 548(a)(1)(B) of the Bankruptcy Code, which provides in part as follows:

> (a)(1) The trustee may avoid any transfer ... of an interest of the debtor in property ... that was made ... on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntary --- ....
> (B)(I) received less than a reasonably equivalent value in exchange for such transfer ...; and
> (ii)(I) was insolvent on the date that such transfer was made ...,
> or became insolvent as a result of such transfer.

11 U.S.C.  § 548(a)(1)(B).

This provision "aims to make available to creditors those assets of the debtor that are rightfully a part of the bankruptcy estate even if they have been transferred away". *Buncher Co. v. Official Committee of Unsecured Creditors of Genfarm. L.P.*, 229 F.3d 245, 250 (3d Cir 2000).

If the chapter 7 trustee prevails under this provision, he may recover the property transferred or its value from defendant as the initial transferee. 11 U.S.C. § 550(a)(1). As property of the bankruptcy estate, it is preserved for the benefit of the estate. 11 U.S.C. § 551.

Subsection 548(a) enables a trustee in bankruptcy (or a debtor-in-possession in a chapter 11 proceeding) to set aside certain transfers. A transfer "infected" by actual fraud

- 4 -

may be set in accordance with § 548(a)(1)(A), while a constructively fraudulent transfer may be set aside in accordance with § 548(a)(1)(B). *BFP v. Resolution Trust Corporation*, 511 U.S. 531, 535, 114 S.Ct. 1757, 1760, 128 L.Ed.2d 556 (1994).

To prevail in this adversary action, the chapter 7 trustee must demonstrate that: (1) debtor had an interest in property; (2) the interest was transferred within two years of the petition date; (3) debtor was insolvent when the transfer occurred or was made insolvent as a result of the transfer; and (4) debtor received "less than a reasonably equivalent value in exchange for such transfer". *Mellon Bank v. Official Committee of Unsecured Creditors of RML., Inc. (In re RML, Inc.)*, 92 F.3d 139, 144 (3d Cir 2006).  The chapter 7 trustee has the burden of proving each of these requirements by a preponderance of the evidence. *In re Freuhauf Trailer Corp.*, .444 F.3d 203, 211 (3d Cir 2006).

Defendant has stipulated that requirements (1), (2) and (3) are present in this adversary action.  He admits, in other words, that debtor transferred a fractional portion of her interest in the above real property within two years of the petition date.  Defendant further concedes that debtor was insolvent when the transfer was made or became insolvent as a result thereof.

Defendant denies, however, that the chapter 7 trustee has proved requirement (4). Debtor, he maintains, received reasonably equivalent value in exchange for the transfer. Resolution of this adversary action turns whether requirement (4) is satisfied.

Only the last term in the phrase "reasonably equivalent value" is defined in the Bankruptcy Code. For purposes of § 548(a)(1)(B)(I), the term "value" means " property,

or satisfaction of or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor". 11 U.S.C. § 548(d)(2)(A). Congress left it to courts to flesh out the meaning and scope of the phrase "reasonably equivalent value" as a whole. *In re RML, Inc.*, 92 F.3d at 148.

A two-step inquiry must be undertaken when determining whether a debtor in bankruptcy received reasonably equivalent value. A court first must inquire whether debtor received any value at all in exchange for the transfer. Next, it must inquire whether the value debtor received was reasonably equivalent to the value of the property that was transferred. *In re RML, Inc.*, 92 F.3d at 150. The inquiry is at an end if debtor received no value, as there would no point in considering whether what debtor received was less than reasonably equivalent in value to the value of what debtor transferred.

When inquiring whether debtor received any value, the question is whether debtor received a *benefit*, direct or indirect, in return for what debtor parted with. *In re RML, Inc.* 92 F.3d at 150. The focus of the inquiry is on whether the circumstances surrounding the transfer render it "legitimate and reasonable to expect that some value would accrue to the debtor". *In re Freuhauf Trailer Corp.* 444 F.3d at 212.

The concept of reasonably equivalent value is "based on common sense and is not esoteric". *VFB, LLC v. Campbell Soup Co.*, 482 F.3d 624, 631 (3d Cir. 2007). If debtor received some value, what must be asked next is whether debtor got "roughly the value [she] gave". A court considering this question must look to "the totality of the

- 6 -

circumstances", which can include: (1) the "fair market value" debtor received as a result of the transfer; (2) whether the transaction was done at arm's-length; and (3) whether the transferee acted in good faith. *In re Freuhauf Trailer*, 444 F.3d at 212-13.

The purpose of § 548(a) is to protect debtor's creditors by preserving the bankruptcy estate where possible. The question whether there was reasonably equivalent value must be considered from the standpoint of estate creditors. *Mellon Bank v. Metro Communications (In re Metro Communications)*, 945 F.2d 635, 646 (3d Cir 1991), *cert. denied*, 503 U.S. 937, 112 S.Ct. 1476, 117 L.Ed.2d 620 (1992).

Debtor indicated in the initial bankruptcy schedules that her one-half interest in the real property the property had a declared value of $29,800.00, which implies that the property as a whole had a value of $59,600.00. She indicated in amended schedules, however, that the property as a whole had a value of $29,800.00 prior to the above transfer. This revised value was based on an appraisal dated February 6, 2008, some thirteen months after the above transfer had taken place two months prior to the petition date.

This appraised value was based on inadmissible hearsay evidence, as the individual who did the appraisal did not testify at trial. Assuming for the sake of analysis, however, that the appraised value of the property on the petition date was in fact $29,800.00, it follows that debtor's one-half interest in the property prior to the above transfer was worth $14,900.00 and that her one-third interest after the transfer was $9,933.33. The value of the interest she transferred to debtor was $4,966.66.

The deed dated January 3, 2007, which debtor and her daughter executed recited that consideration in the amount of $1.00 had been paid for the conveyance. Assuming that this is correct, debtor and her daughter each received $0.50 as consideration for conveying their respective one-sixth interests in the property to defendant.

Consideration in the amount of $0.50 which debtor purportedly received from defendant qualifies as value within the meaning of § 548(d)(2)(A) and thus qualifies as such for purposes of § 548(a)(1)(B)(I). Debtor received property – i.e., 50¢ – when she received this sum of money.

From the standpoint of creditors of the bankruptcy estate, however, such paltry consideration for an interest in property which we have provisionally determined was worth $4,966.66 unquestionably does not qualify as reasonably equivalent value. The value of debtor's interest in the property was 9,933.32 times greater than the consideration she received ($4,966.66 ÷ $0.50 = 9,933.32).

Perhaps recognizing that this recited consideration does not constitute a reasonably equivalent value, defendant maintained at trial that the recital in the deed does not tell the whole story. Surrounding circumstances, defendant claims, indicate that debtor did receive reasonably equivalent value in return for transferring one-third of her undivided one-half interest in the above real property.

Debtor is in her early seventies and in declining health. According to debtor, she has suffered heart and renal failure and must use a respirator to breathe. In addition, debtor claims she has asthma, hypertension and arthritis.

- 8 -

Debtor testified that prior to December of 2006, defendant had "helped her out" by coming to her residence several times a week to do chores for her. Among other things, he cut the grass and shoveled snow, washed dishes, did laundry, shopped for groceries, picked up prescriptions, and took her to see her doctors. Were it not for defendant's help, debtor testified, she would have no choice but to live in an assisted-living facility, which she does not want to do.

Defendant has not lived on the property since 1996, when he moved out on his own. For the past several years he has lived with his wife and four minor children in a house that is approximately five minutes away by automobile. Debtor's daughter, by contrast, lives some thirty minutes away and for that reason is not as readily able to help debtor as is defendant.

There was testimony at trial that debtor and her daughter agreed with defendant late in December of 2006 that each of them would transfer one-third of their respective one-half interests in the property to defendant if he would continue in the future to help debtor out around the house as he had done to that time. The purported agreement was not reduced to writing, but instead was oral.

We strongly suspect that this alleged oral agreement was a *post-hoc* fabrication which was devised to provide defendant with a defense to the chapter 7 trustee's § 548(a) action against him. Rather than so finding, however, we will provisionally treat such testimony as credible for purposes of analysis.

Defendant testified that he continued providing the above services to debtor after the transfer occurred on January 3, 2007, and that he continues doing so to the present time. According to defendant, debtor received value for purposes of § 548(a)(1)(B)(I).

Subsection 548(d)(2)(A) makes no mention of services in defining value for purposes of § 548(a). Such an intangible "technically" does not fall within the scope of the definition of the term "value." *In re RML, Inc.*, 92 F.3d at 148. This does mean, however, that the services defendant rendered after the transfer occurred do not qualify as value for purposes of § 548(a)(1)(B)(I).

The oral agreement between debtor and defendant was an executory contract according to which each of them had specific rights and obligation *vis-à-vis* one another. Ordinary contract rights qualify as property under the law of Pennsylvania and as property of the bankruptcy estate under § 541(a)(1) of the Bankruptcy Code. *Westmoreland Human Opportunities, Inc. v. Walsh (In re Westmoreland Human Opportunities, Inc.)*, 246 F.3d 233, 242 (3d Cir 2001).

Defendant had an obligation under the oral agreement to provide the above services while debtor had a right to receive them. Because debtor's right to the services defendant had agreed to provide qualify as property, that right qualifies as property within the meaning of the term "value" as set forth at § 548(d)(2)(A). According to § 548(d)(2)(A), the term "value" includes, among other things, property.

The question that must be answered next is whether the value represented by those services was "reasonably equivalent" for purposes of § 548(a)(1)(B)(I) to the value of the property interest debtor transferred to defendant.

We determined previously that the value of one-third of debtor's one-half interest in the real property she transferred to defendant was $4,966.66.  According to defendant, the value of the services he has provided since the transfer occurred (and will continue to provide in the future) exceeds $4,966.66.  He maintains that it would cost at least this much to pay someone else to provide the services he has rendered since the transfer occurred on January 3, 2007.

The chapter 7 trustee did not counter defendant's testimony that defendant provided such services after the transfer occurred.  He also did not counter testimony that it would cost at least $4,966.66 to pay an outsider to come in and provide those same services for debtor.  In our estimation, the chapter 7 trustee has not demonstrated that debtor received less than a reasonably equivalent value *vis-a-vis* the services defendant rendered.

This, failure is not, however, necessarily fatal to the cause of action asserted against defendant in this adversary action because a key component of the concept of reasonably equivalent value for purposes of § 548(a)(1)(B)(I) was absent from the above transaction between debtor and defendant.

The fourth of the above-noted requirements of § 548(a)(1)(B) is that debtor received less than reasonably equivalent value *in exchange for* the contested transfer. See

*Christians v. Crystal Evangelical Free Church (In re Young)*, 82 F.3d 1407, 1415 (8th Cir. 1996). We are aware of no good reason for disregarding the phrase "in exchange for" and according it anything other than its ordinary meaning. If the value debtor received was not *in exchange for* the property she transferred to debtor, it follows that the value which debtor received was not reasonably equivalent *for purposes of § 548(a)(1)(B)(I)* to the value of what she transferred to defendant.

Defendant testified during cross-examination that he would have continued doing the above tasks for debtor *even if the above transfer had not occurred*. We infer from this testimony that the reasonably equivalent value debtor received from debtor in the way of services was *not* "in exchange for" her transferring to him one-third of her one-half interest in the real property.

The services defendant provided after the transfer were not part of a *quid pro quo*, but instead arose from what defendant considered to be a filial obligation he owed to his ailing mother. The chores he did for debtor after January 3, 2007 lacked the reciprocity required by § 548(a)(1)(B)(I). While debtor and defendant may (or may not) have acted in good faith, the transfer was constructively fraudulent from the standpoint of debtor's creditors and consequently may be avoided and recovered by the chapter 7 trustee for the benefit of debtor's creditors.

An appropriate order will issue.

6-4-09

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

FILED

- 12 -

JUN 4 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

DOROTHY J. KENNELLY,                          :    **Bankruptcy No. 08-70348 BM**
                                              :
                                              :
                                              :
_____**Debtor**_____       :    **Chapter 7**
JAMES R. WALSH, ESQ., TRUSTEE                 :
FOR THE BANKRUPTCY ESTATE OF                  :
DOROTHY J. KENNELLY,                          :
                                              :
         **Plaintiff**                        :
                                              :    **Adversary No. 08-7032 BM**
    v.                                        :
                                              :    **Trustee's Complaint To Avoid**
MICHAEL BRIAN KENNELLY,                       :    **Fraudulent Transfer Of Interest**
                                              :    **In Real Estate Pursuant To 11**
         **Defendant**                        :    **U.S.C. § 548**


## ORDER OF COURT


**AND NOW**, this **4th** day of **June**, 2009, in accordance with the foregoing

memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that

**JUDGMENT BE AND IS ENTERED** in favor of Plaintiff James R. Walsh, Chapter 7

Trustee, and against Defendant Michael Brian Kennelly.   The transfer dated January 3,

2007, is hereby **AVOIDED**.

         It is **SO ORDERED**.

                                    _____
                                    BERNARD MARKOVITZ
                                    U.S. Bankruptcy Judge


cm:  Parties in interest                    FILED

                                    JUN 4  2009

                         CLERK, U.S. BANKRUPTCY COURT
                         WEST. DIST. OF PENNSYLVANIA